**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JOHNNY C. SIMPSON,** *et al.*                                                                                   **PLAINTIFFS**

v.                                            **Case No. 5:17-cv-00062 KGB**

**WRIGHT MEDICAL TECHNOLOGY, INC.**                                                          **DEFENDANT**

**ORDER**

Before the Court is a joint motion to stay proceedings (Dkt. No. 42). This case is a personal injury products liability action filed by plaintiffs Johnny C. Simpson and Elizabeth Simpson against defendant Wright Medical Technology, Inc., involving claims of product defect and resulting injuries allegedly caused by a PROFEMUR® cobalt chromium neck component allegedly manufactured, designed, marketed, and sold by Wright Medical (*Id.*, ¶ 1). The parties have conducted written discovery in this case, exchanged expert disclosures, and taken several depositions (*Id.*, ¶ 2). On May 18, 2020, plaintiffs in this action along with separate plaintiffs in a separate action captioned *Chadderton v. Wright Medical Technology, Inc.*, submitted a motion pursuant to 28 U.S.C. § 1407 to the United States Judicial Panel on Multidistrict Litigation ("JPML") to transfer all cases involving the PROFEMUR® Modular Hips Implant Stem to the Eastern District of Arkansas, Civil Docket: MDL No. 2949 (the "MDL Motion") (*Id.*, ¶ 4). The MDL Motion seeks to transfer all federal cases involving PROFEMUR® components, as listed in the schedule of actions to the MDL Motion, and for all actions to be consolidated before this Court (*Id.*, ¶ 5). Although responses to the MDL Motion are not yet due, it is anticipated that other parties may advocate for alternative venues outside of this Court (*Id.*). The MDL Motion further requests that all PROFEMUR® cases subject to the MDL Motion be assigned to this Court as the transferee judge for coordinated pretrial proceedings (*Id.*, ¶ 6). Counsel for both parties entered

appearances in the proposed MDL on June 2, 2020 (*Id.*, ¶ 7).  The Parties request that the Court stay proceedings until a ruling is issued by the JPML on the MDL Motion (*Id.*, ¶ 8).

This Court may, in its discretion, stay proceedings before it pending resolution of a motion brought pursuant to 28 U.S.C § 1407.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (same).  Further, "[a] district court has broad discretion to stay proceedings when doing so is appropriate to control its docket."  *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006)).  "A Court may properly stay an action where the following criteria are met: (1) the stay does not prejudice the non-movant; (2) the movant would suffer hardship and inequity without a stay; and (3) the stay serves the interests of judicial economy and efficiency."  *Adams v. Tyson Foods, Inc.*, 2007 WL 1539325, at *1 (W.D. Ark. May 25, 2007) (citing *Rivers*, 980 F. Supp. at 1358).

The Court concludes that a stay is appropriate in this action.  First, the parties agree that neither party will be prejudiced if the Court stays the case until the MDL Motion is decided (Dkt. No. 42, ¶ 12).  Second, the parties plausibly allege that they would suffer hardship and inequity if the Court does not stay the case (*Id.*, ¶ 13).  If forced to proceed on the current schedule, the parties will need to file dispositive and *Daubert* motions before this Court, and potentially proceed with a trial in October, while the MDL Motion is pending and there is the potential of a transfer of all actions involving the PROFEMUR® components for coordinated pretrial proceedings (*Id.*, ¶ 14). Engaging in dispositive and *Daubert* motion practice in this matter while the MDL Motion is pending with the JPML creates the risk of potentially duplicative motion practice and results in

hardship to the parties in conducting motion practice in a case that may be transferred elsewhere (*Id.*, ¶ 15). Third, a stay would result in the conservation of judicial resources because of the potential that the Court expends significant time and effort on dispositive, *Daubert*, and pretrial motions over the next several months, efforts that would be potentially wasted if the MDL Motion is granted and the cases are transferred elsewhere (*Id.*, ¶ 16).

For good cause shown, the Court grants the parties' joint motion to stay proceedings (Dkt. No. 42). The Court orders that this matter is stayed pending the outcome of plaintiffs' counsel's motion to transfer all cases involving the PROFEMUR® Modular Hips Implant Stem to the Eastern District of Arkansas that has been filed with the JPML. The Court directs the parties to notify the Court when the JPML rules on the MDL motion.

It is so ordered this the 18th day of June 2020.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge